**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 113905

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Joe O'Brien and Debra Delena,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Convergent Outsourcing, Inc.,<br><br>　　　　　Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Joe O'Brien and Debra Delena (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Convergent Outsourcing, Inc.(hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Joe O'Brien is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff Debra Delena is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

7. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Convergent Outsourcing, Inc., is a Washington Corporation with a principal place of business in KING County, Washington.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendant alleges each of the Plaintiffs owe a debt ("the Debts").

12. The Debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the Debts, Plaintiffs fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendant, the Debts were assigned or otherwise transferred to Defendant for collection.

15. In its efforts to collect the debt alleged owed by Plaintiff O'Brien, Defendant contacted Plaintiff O'Brien by letter ("the O'Brien Letter") dated July 24, 2017. ("**Exhibit 1**.")

16. In its efforts to collect the debt alleged owed by Plaintiff Delena, Defendant contacted Plaintiff Delena by letter ("the Delena Letter") dated March 9, 2017. ("**Exhibit 1**.")

17. The O'Brien Letter was the initial communication Plaintiff O'Brien received from Defendant.

18. The Delena Letter was the initial communication Plaintiff Delena received from Defendant.

19. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**
**AS TO BOTH PLAINTIFFS**

20. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

21. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

22. One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

23. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

24. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

25. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

26. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

27. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

28. Defendant's Letters failed to explicitly state the nameS of the creditors to whom Plaintiffs' respective debts are owed.

29. The O'Brien Letter states, "Creditor: Verizon."

30. The Delena Letter states, "Creditor: Optimum."

31. The Letters fail to identify any entity as the "creditor to whom the debt is owed."

32. "Verizon" and "Optimum," even if meant as the creditors to whom the Plaintiffs' respective debts are owed (which is not stated in the Letters), are not specific enough to apprise Plaintiffs of the identity of the creditors to whom their respective debts are owed.

33. There is no entity named "Verizon" registered with the New York State Department of State, Division of Corporations.

34. Conversely, there are thirty-nine (39) active disparate entities registered in New York that begin their legal name with the word "Verizon."

35. The least sophisticated consumer would likely be confused as to which of the thirty-nine (39) active disparate entities in New York that begin their legal name with the word "Verizon" is the creditor to whom Plaintiff O'Brien's debt is owed.

36. The least sophisticated consumer would likely be uncertain as to which of the thirty-nine (39) active disparate entities in New York that begin their legal name with the word "Verizon" is the creditor to whom Plaintiff Delena's debt is owed.

37. Defendant failed to clearly state the names of the creditors to whom Plaintiffs' respective debts are owed.

38. The least sophisticated consumer would likely be confused as to the names of the creditors to whom Plaintiffs' respective debts are owed.

39. The least sophisticated consumer would likely be uncertain as to the names of the creditor to whom Plaintiffs' respective debts are owed.

40. Defendant violated § 1692g as it failed to clearly and explicitly convey the names of the creditors to whom Plaintiffs' respective debts are owed.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations as to the Name of the**
**Creditor to Whom the Debt is Owed**
**AS TO PLAINTIFF O'BRIEN**

41. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

42. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

44. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

45. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

46. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

47. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

48. The identity of creditor to whom the debt is owed is a material piece of information to a consumer.

49. Knowing the identity of creditor to whom the debt is owed affects how a consumer responds to a debt collector's attempts to collect the debt.

50. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, they are deceptive within the meaning of 15 U.S.C. § 1692e.

51. Because the Letters are reasonably susceptible to inaccurate readings by the least sophisticated consumer, as described, they are deceptive within the meaning of 15 U.S.C. § 1692e.

52. The least sophisticated consumer would likely be deceived by the Letters.

53. The least sophisticated consumer would likely be deceived in a material way by the Letters.

54. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect the debts.

## JURY DEMAND

55. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a. Damages against Defendant in favor of Plaintiff O'Brien pursuant to 15 U.S.C. § 1692k; and

b. Damages against Defendant in favor of Plaintiff Delena pursuant to 15 U.S.C. § 1692k; and

BARSHAY | SANDERS<sub>PLLC</sub>
100 Garden City Plaza, Suite 500
Garden City, New York 11530

c.  Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

d.  Plaintiffs' costs; all together with

e.  Such other relief that the Court determines is just and proper.

DATED: March 9, 2018

**BARSHAY SANDERS, PLLC**

By: ___*/s/ Craig B. Sanders*___
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 113905

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530